**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASHA TAMANG, | No. 09-72171 |
| Petitioner, | Agency No. A094-995-323 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

Asha Tamang, a native and citizen of Nepal, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from the immigration

judge's decision denying her application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for substantial evidence factual findings.  *Zehatye v. Gonzales,* 453 F.3d 1182*, 1184-85 (9th Cir. 2006).  We deny the petition for review.

Tamang testified Maoists threatened, kidnaped, and beat her after she refused to give them money or join them.  Substantial evidence supports the agency's conclusion that Tamang failed to establish past persecution or a well-founded fear of persecution on account of a protected ground.  *See INS v. Elias-Zacarias,* 502 U.S. 478, 481, n.1 (1992); *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution").  Tamang's claim for humanitarian asylum necessarily fails because she did not establish past persecution.  *See* 8 C.F.R. § 1208.13(b)(1)(iii).  Accordingly, in the absence of a nexus to a protected ground, Tamang's asylum and withholding of removal claims fail.  *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

Substantial evidence also supports the agency's finding that Tamang has not established that it is more likely than not she would be tortured by or at the instigation of or with the consent or acquiescence of a public official upon return to Nepal.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).  Accordingly, Tamang's CAT claim fails.

**PETITION FOR REVIEW DENIED**.

09-72171